**UNITED STATES of America,**
**Appellee,**

v.

**Pedro SANCHEZ, Defendant–Appellant.**

**No. 07–1654–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 7, 2008.

Colleen P. Cassidy, Fed. Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

John T. Zach, Assistant United States Attorney for the Southern District of New York (Katherine Polk Failla, on the brief), for Michael J. Garcia, United States Attorney, New York, NY, for Appellee.

PRESENT: Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.*

**SUMMARY ORDER**

Pedro Sanchez appeals the judgment of conviction entered by the United States District Court for the Southern District of New York (Lynch, *J.* ) following his guilty plea of illegally re-entering the United States after having been deported subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2). Prior to sentencing, Sanchez moved for a downward departure based on his family circumstances. This motion was ultimately denied by the district court. At sentencing, the district court stated at the outset that: "I think it's desirable in immigration cases to follow the recommendations of the sentencing guidelines, unless there are significant mitigating circumstances unique to the particular case." Because the court found none sufficient to justify a downward departure, Sanchez was sentenced to 57 months' imprisonment, at the bottom of his applicable Sentencing Guidelines range. We assume familiarity with the underlying facts and procedural history, as well as the issues on appeal.

Sanchez now challenges his sentence as procedurally unreasonable. We disagree. This court reviews a district court's sentence for reasonableness. *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005); *United States v. Brady,* 417 F.3d 326, 332 (2d Cir.2005). Sanchez maintains that in stating that it was "desirable" for the court to follow the recommendations provided by the sentencing commission, the district court applied a presumption that a Guidelines sentence should be imposed. However, we do not read the district court's statement regarding the desirability of adhering to the Guidelines in immigration cases as applying a mandatory presumption. The court simply stated that in the immigration context, the Guideline recommendation "reflects the sentencing commission's judgment about what is neces-

---

* The Honorable Debra Ann Livingston, originally a member of the panel, recused herself from consideration of this matter. The remaining members of the panel, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b).

sary to accomplish the punishment and deterrence that are the most important goals of sentencing in this kind of violation." Given the district court's assessment of all of the factors outlined in 18 U.S.C. § 3553(a), we see no merit to the contention that the district court treated the Guidelines as mandatory. No abuse of discretion occurred here. *See United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006).

We have considered the remainder of Sanchez's contentions and find them lacking in merit. The judgment of the district court is affirmed.